**FILED**
SEP -1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA CIVIL DIVISION

Ellen L. DeLaine
5608-14th Street NW
Washington, D.C. 20011
202-829-1745,

Plaintiff

CASE NUMBER 1:05CV01751
JUDGE: Emmet G. Sullivan
DECK TYPE: Civil Rights (non-employment)
DATE STAMP: 09/01/2005

V.

United States Of America/
United States Postal Service
Law Department/National Tort Center
serve: Mr. Gregory C. Faison, Tort Claims Coordinator
P.O. Box 66640
St. Louis, MO 63166-6640

and District of Columbia

and William S. Fralin
4525 Klingle Street NW
Washington, D.C.

and Thomas H. DeLaine
P.O. Box 1074
Randallstown, MD 21133

and Franklin P. DeLaine
4519 South Dakota Ave NE
Washington, D.C.

and Sheryl E. Ellison
913 Decatur Street NW
Washington, D.C.

## COMPLAINT

On September 1, 2004 at approximately eleven twenty (11:20) pm at the location of the National Capitol United States Post Office at #2 Massachusettes Avenue NW, Washington, D.C., Plaintiff, Ellen L. DeLaine was processing some letters for mailing and needed the assistance of a customer service clerk to help locate a zipcode that

1

Plaintiff was unable to locate in the zip code directory provided in their lobby for the customers usage. Plaintiff went to the customer service clerk counter and was assisted by Ms. Gloria Thompson, a shift supervisor employee, who weighed a letter of the Plaintiff that required an additional amount in order to be mailed, which Plaintiff paid that additional amount and received a receipt for that transaction. Plaintiff then explained to Ms. Gloria Thompson that she was unable to locate a zip code from the directory in the lobby and Ms. Gloria Thompson stated to Plaintiff that customers sometimes remove the pages from the book. Ms. Gloria Thompson suggested for Plaintiff to again consort the zip code directory provided in their lobby, and if unable to find the information, to come back to the customer service counter and either the customer service clerk at the counter to her left, who was Ms. Iris Mitchell, or the male customer service clerk located to the right counter beside her, would assist Plaintiff, because Ms. Gloria Thompson was closing her counter.

    Plaintiff returned to the customer service clerk counter again after having consorted the zip code directory in the lobby, and was assisted by Ms. Iris Mitchell. Plaintiff explained to Ms. Iris Mitchell that she needed assistance locating a zip code that Plaintiff was unable to find in the directory located in the lobby. Ms. Iris Mitchell began to consort the zip code directory at her counter and stated to Plaintiff that she too was unable to find the requested information, and then told Plaintiff that she could look through her book to see if she would be successful in finding the needed zip code.

Ms. Iris Mitchell handed Plaintiff her zip code directory and as Plaintiff proceeded to browse through the book, Ms. Iris Mitchell made a rude, slanderous comment to Plaintiff, along with negative facial, hand, and head gestures accompanying her slanderous remark. Ms. Iris Mitchell looked at Plaintiff, while frowning and with a squenched nose as her hand waved back and forth in front of her nose, while she said to Plaintiff, "Could you step to the next counter to look through the book because you're wearing cologne and I smell you". Plaintiff observed Ms. Iris Mitchell's gestures towards her and Plaintiff asked Ms. Mitchell if she would repeat what she said so Plaintiff would be sure of her exact words. Ms. Mitchell repeated her words and made the same bodily and facial gestures of frowning and squenching her nose and waving her hand back and forth in front of her nose, while nodding her head to the left in the direction of the unoccupied counter where she wanted Plaintiff to stand while consorting the zip code directory. Other customers who were waiting to be served observed the behavior of Ms. Iris Mitchell. Plaintiff then stepped away from Ms. Mitchell's counter and asked another employee to direct Plaintiff to a supervisor. Ms. Gloria Thompson responded to Plaintiff stating that she was the Shift Supervisor. Ms. Thompson was still located in her customer service counter when Ms. Iris Mitchell made the slanderous comment to Plaintiff. Ms. Gloria Thompson met with Plaintiff at a side door after she exited from her counter, and Plaintiff gave the details of rude treatment that she experienced from Ms. Iris Mitchell's conduct

3

while being waited on. Ms. Gloria Thompson, after hearing the details from Plaintiff, first tried to make up an excuse for Ms. Iris Mitchell's rude conduct by stating that Ms. Iris Mitchell is allergic to cologne. Plaintiff then asked of Ms. Gloria Thompson the procedures for filing a complaint. Ms. Gloria Thompson, at that time tried to give an apology for Ms. Iris Mitchell's behavior and gave Plaintiff the necessary information for filing a complaint with the Postal Service, which Plaintiff did.

The United States Post Office has been a member participating in concerted actions of a civil conspiracy of invasion of rights with the United States, the District of Columbia, and other individual conspirators defendants named, in Constitutional Torts for a Continuing Intentional Tort Doctrine for a Continuing Intentional Infliction of Emotional Distress against the Plaintiff, Ellen L. Delaine. The United States Postal Service had been keeping Plaintiff under surveillance by unauthorized use of electronic devices or wire for audio and oral communication while Plaintiff was in their facilities. The United States Postal Service in concerted actions of the civil conspiracy of invasion of rights was wrongly disclosing private facts about the Plaintiff, when Plaintiff would arrive or depart from their facility, what Plaintiff's transactions were while Plaintiff visited, and their photographs of Plaintiff were used to illustrate certain stories, and Plaintiff's name and likeness was being used for commercial purposes, without Plaintiff's consent.

Plaintiff had encountered other instances of intentional rude behavior by a Postal Employee while being waited on at a customer service counter in

4

a Washington, D.C. office. On or around the latter part of September or the early part of October, 2004, when Plaintiff was visiting the Post Office at the location of 14th & L Street, N.W., Washington, D.C., a male customer service clerk very rudely spoke to Plaintiff when Plaintiff asked him for change for the xerox copier. On another occasion at the Post Office in downtown Fayetteville, North Carolina when Plaintiff was visiting there around April 11, 2004, some customers had entered and while Plaintiff was waiting in line to be assisted by a clerk, these other persons waiting in line began to speak loudly and made some defamatory remarks about the Plaintiff, whom they seemed to know that Plaintiff was at the Post Office at that time. One customer started making remarks to another customer, and said about Plaintiff that Plaintiff was a boozer, along with some other personal information about Plaintiff which personally identified Plaintiff. One female also made a defamatory statement that day about Plaintiff, and referred to Plaintiff as being very slow. The employee clerk made a similar remark to Plaintiff.

The Postal Service in concerted action of this civil conspiracy of invasion of rights was being informed as to when Plaintiff was about to enter their Post Office District, and the Postal Service in concerted actions would effectuate their purpose of the conspiracy by keeping Plaintiff under surveillance and invade Plaintiff's privacy and wrongfully disclose information regarding Plaintiff's actions while in their facility.

The outrageous and rude behavior of Ms. Iris Mitchell along with her defamatory comment

5

to Plaintiff was intentionally done to inflict emotional distress upon Plaintiff, for Ms. Iris Mitchell knew exactly who Plaintiff was and was solicited by the conspirators to participate in concerted activities to effectuate the purpose of the conspiracy.

These are constitutional tort violations of United States Code Title 18, Chapter 13 - Civil Rights (§245) federally Protected Activities (a)(1),(2)(b)(1),(2)(F); Chapter 19 - Conspiracy, Chapter 119 - Wire and Electronic Communications, -Selected Statues on Electronic Surveillance And Wiretaps (§2511) Interception and disclosure of wire or oral communications prohibited, § 2518 - Procedure for interception of wire or oral communications

These intentional torts of emotional distress was observed by customers as well as Ms. Gloria Thompson, who stated to Plaintiff that she could see that Plaintiff was very upset. Ms. Iris Mitchell intentionally made the slanderous defamatory statement to Plaintiff with the intent to damage Plaintiff's character and reputation in order to inflict emotional distress. The rude and unprofessional behavior of Ms. Iris Mitchell that was witnessed by other customers and employees caused Plaintiff to suffer a great loss, as well as the invasion of privacy of Plaintiff by the Postal Service that caused much damage to Plaintiff's character and reputation which caused emotional distress.

Plaintiff was in a United States Post Office at their downtown location in Wilmington, Delaware on June 23, 2005. Just prior to Plaintiff's arriving there Plaintiff had used a pay phone at a nearby hotel to discuss elements of the letter that she needed to have forwarded from the post office. By the time Plaintiff arrived at the Post Office, other persons had entered, appearing to be customers, and spoke loudly so that Plaintiff and other customers, as well

6

as employees could hear, and they spoke of personal and private details regarding the contents of Plaintiff's letter that Plaintiff was going to mail. Plaintiff was continuously under surveillance by unauthorized use of wire and electronic devices for audio and oral communication while in the Postal facilities. Even the customer service clerk there made a comment to Plaintiff that made Plaintiff realize that the clerk knew who she was.

The United States had continuously had Plaintiff under surveillance by unauthorized use of wire and electronic devices of audio and oral communication every day of Plaintiff's life since the beginning of this civil conspiracy in 1998 and still continues. This is how persons are able to follow Plaintiff around and in the places and facilities where Plaintiff conducts her business, where they invade Plaintiff's privacy and falsely portray Plaintiff in the eyes of the public in order to inflict emotional distress to Plaintiff. The Post Office employees in turn, participate in concerted actions of this civil conspiracy by doing their part to effectuate the purpose. Prior to the incident with Ms. Iris Mitchell at the Washington, D.C. Capitol location, on other occasions when Plaintiff visited, a male customer service clerk would make a phone call every time Plaintiff arrived, and other clerks have made comments regarding private facts about Plaintiff, to make sure that Plaintiff has heard them.

Plaintiff forwarded a complaint regarding the incident of defamation to the Consumer Affairs Manager, who in turn responded to Plaintiff's letter. The outrageous conduct of Ms. Iris Mitchell to Plaintiff was intentionally done as a means to effectuate the purpose of the Civil conspiracy & a Continuing Intentional Tort Doctrine for a continuing Intentional Infliction of Emotional Distress, as the Post Office participated as a member in concerted actions

7

of invasion of rights and privacy of Plaintiff Ellen L Delaine

Plaintiff is suing for Punitive damages because Ms. Iris Mitchell intentionally caused the injuries of Plaintiff suffering from emotional distress, mental anguish, and physical harm that was done to character and reputation. Postal Service participated in concerted actions to invade plaintiffs privacy intentionally in order for their use for commercial purposes without Plaintiffs consent, and intentionally and recklessly kept Plaintiff under surveillance by unauthorized use of wire and electronic devices for audio and oral communications, which occurred everytime Plaintiff entered their facilities, because of their participation in this civil conspiracy. Plaintiff demands judgment against defendant in the sum plus interest and cost of $500,000.00

Plaintiff is suing for compensatory damages due to pain and suffering of the discomforts of emotional injury, mental distress, mental anguish and physical harm done as a result of the injuries. Also for injury suffered from conduct and damage done to character and reputation. Plaintiff demands judgment against defendant in the sum plus interest and cost of $500,000.00

Wherefore Plaintiff Ellen L. Delaine, demands judgment as first for compensatory and punitive damages plus costs and interest in the total sum of $1,000,000.00

8

Respectfully submitted,

*[signature: Ellen L. Delaine]*

Ellen L. Delaine
5608-14th Street, N.W.
Washington, D.C. 20011
202-829-1745