# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLEN DELAINE,               ) | |
|                   ) | |
|       Pro Se Plaintiff,     ) | |
|                   ) | |
| v.                  ) | No. 05-1751 (EGS) |
|                   ) | |
| UNITED STATES POSTAL SERVICE,  ) | |
| ET AL.,                ) | |
|                   ) | |
|       Defendants.       ) | |

## FEDERAL DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendant United

States Postal Service, respectfully moves this Court to dismiss this case for lack of jurisdiction

and failure to state a claim.  A proposed Order consistent with this Motion is attached.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELLEN DELAINE, | ) | |
| | ) | |
| _Pro Se_ **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 05-1751 (EGS) |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| ET AL., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**FEDERAL DEFENDANT'S MEMORANDUM OF POINTS**
**AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Defendant respectfully submits this Memorandum of Points and Authorities in Support of

the Motion to Dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## I.  BACKGROUND

Plaintiff Ellen L. DeLaine files this action against the United States Postal Service

("USPS") and various private citizens.[1]  She alleges that on September 1, 2004, Ms. Iris Mitchell,

a USPS customer service employee, "made a rude, slanderous comment to Plaintiff, along with

negative facial, hand, and head gestures accompanying her slanderous remark."  See Plaintiff's

Complaint at 3.[2]  Plaintiff further alleges that the USPS "has been a member participating in

concerted actions of civil conspiracy of invasion of rights with the United States, the District of

Columbia, and other individual conspirators defendants named, in Constitutional Torts for a

Continuing Intentional Tort Doctrine for a Continuing Intentional Infliction of Emotional

---

[1]  It would appear that some of the private citizens named may be relatives of the
Plaintiff, because she shares the same surname.

[2]  Plaintiff also alleges rude behavior by postal employees in Fayetteville, N.C. and
Wilimington, DE.  See Plaintiff's Complaint at 5, 6.

Distress against the Plaintiff, Ellen L. DeLaine." See id. at 4.  Finally, Plaintiff alleges that the "United States had continuously had Plaintiff under surveillance by unauthorized use of wire and electronic devices of audio and oral communication every day of Plaintiff's life since the beginning of this civil conspiracy in 1999 and still continues." See id. at 7.[3]

On March 12, 2005, Plaintiff filed an administrative claim against USPS pursuant to the Federal Tort Claims Act ("FTCA"), alleging the same facts raised in the instant complaint.  On April 22, 2005, Plaintiff was informed via letter that "an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees." See Letter of April 22, 2005, attached hereto as Exhibit 2.  The letter further informed Plaintiff that the FTCA "does not apply to any claim arising out of slander or libel.  See Exhibit 2.

Plaintiff's claims against the USPS must be dismissed under Federal Rules of Civil Procedure 12(b)(1) and (6).

---

[3]  This is not the first lawsuit alleging a government conspiracy that Plaintiff has filed.  In Delaine v. United States, Assistant Attorney for the District of Columbia, et al., Civil Action No. 04-872 (GK), Plaintiff alleged that "since 1999, Defendants have been violating her 'Constitutional, Civil, human and individual' rights by spying on her, terrorizing her, and placing her under government surveillance while using acts of biological warfare against her." See Memorandum Opinion of September 23, 2004, at 2 (citing Plaintiff's Compl. at 1) (attached hereto as Exhibit 1).  She further claimed that she had been "'stalked by the government throughout the Washington, D.C. metropolitan area and in any and every state within the United States.'" See id.  Plaintiff also claimed "that the metro transit system, the Greyhound bus lines, Safeway and Giant food stores and other organizations have assisted the government in spying on her, and keeping her under surveillance while she is in their facilities." See Memorandum Opinion at 3.  The District Court dismissed Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1). See id. at 5.

## II.  ARGUMENT

### A.      12(b)(1) And (6) Standards For Dismissal

As the District Court stated in its Memorandum Opinion in <u>Delaine v. U.S., Ass't</u>

<u>Attorney for D.C.</u>, <u>supra</u>:

> Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a court [in its discretion] may dismiss a patently frivolous claim for lack of subject-matter jurisdiction." <u>Hilska v. Jones</u>, 297 F.Supp 2d 82, 87 (D.D.C. 2003).  <u>See</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 536 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (internal quotation omitted). "Patently frivolous" claims include those premised on "bizarre conspiracy theories," "fantastic government manipulations of the[] will o r mind," or "any sort of supernatural intervention." <u>Best v. Kelly</u>, 39 F.3d 330-31 (D.C. Cir. 1994) (describing as frivolous a complaint which alleged that "a Secret Branch of the Federal Government" took plaintiff's face off his head, went into his skull, and placed a computer chip and camera system there to project images in front of him).  "Under settled law, the [d]istrict [c] may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1) on the complaint standing alone."  <u>Herbert v. Nat'l Acad. of Sciences</u>, 974 F2d 192, 197 (D.C. Cir. 1992).

<u>See</u> Exhibit 1 (Memorandum Opinion) at 4.

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and dismissal is

appropriate where the "plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." <u>Browning v. Clinton</u>, 292 F.3d 235, 241 (D.C. Cir. 2002) (quoting Conley

v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court is to treat the complaint's factual allegations

as true, <u>see</u> <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S.

163, 164 (1993), and must grant plaintiff  "the benefit of all inferences that can be derived from

the facts alleged," <u>Schuler v. United States</u>, 617 F.2d 605, 608 (D.C. Cir.1979).  However, "the

Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the

facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions."

Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31,

2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C.

Cir. 1996) and Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  In

determining whether a complaint fails to state a claim, the Court may consider only the facts

alleged in the complaint, any documents either attached to or incorporated in the complaint and

matters of which it may take judicial notice.  See E.E.O.C. v. St. Francis Xavier Parochial Sch.,

117 F.3d 621, 624-625 (D.C. Cir. 1997).

### B.     This Court Lacks Jurisdiction To Hear Plaintiff's Frivolous Claims

Plaintiff does not allege any *facts* that would support a claim against the USPS or the

United States.  The essence of her complaint appears to be two-fold:  (1) that customer service

employees of USPS were rude to her; and (2) that the USPS, along with the United States

government, is spying on her and conducting surveillance as part of a civil conspiracy to invade

her privacy.  Plaintiff's claims should be dismissed because they are "patently frivolous."  Hilska,

297 F.Supp 2d at 87.

The courts have inherent authority to dismiss as frivolous claims that are inherently

incredible, even if the plaintiff has paid the filing fee.  Fitzgerald v. First East Seventh Tenants

Corp., 221 F.3d 362 363-64 (2d Cir. 2000) (District courts may dismiss a frivolous complaint

even if plaintiff has paid the filing fees).  The courts have unhesitatingly dismissed claims that

are utterly fantastic or inherently incredible.  Bloom v. United States, 2003 WL 22327163 at *(8

(S.D.N.Y. Oct. 10, 2003) (court dismissed as "clearly baseless"plaintiff's claims that government

agents conspired to drug him and that the government did not compensate him for drafting

literature for the Clinton/Gore Presidential Campaign); <u>Tyler v. Carter</u>, 151 F.R.D. 537, 538-40

(S.D.N.Y 1993) (dismissing as frivolous plaintiff's claims that the federal government placed

listening devices in her college dormitory, had other students follow and ostracize her, and

blasted her with rock music designated for witch hunts as part of a conspiracy to reinstate

slavery). Accordingly, this Court should dismiss plaintiff's claims as inherently incredible.

### C. This Court Lacks Jurisdiction To Hear Tort Claims Against The United States Postal Service

Pursuant to Federal Tort Claims Act, federal agencies ***cannot*** be sued in their own names

under Section 1346(b). <u>See</u> 28 U.S.C. § 2679(a); <u>Childress v. Northrop Corp.</u>, 618 F. Supp. 44,

48 (D.D.C. 1985). Plaintiff's claims appear to allege that the combination of rude behavior by

postal employees, and electronic surveillance by the USPS and the United States government,

amount to torts for which defendant is liable. Plaintiff seeks compensatory damages for

"emotional distress, mental anguish, and physical harm that was done to" Plaintiff's character

and reputation. <u>See</u> Plaintiff's Complaint at 8. Plaintiff also seeks damages "due to pain and

suffering of the discomforts of emotional injury, mental distress, mental anguish and physical

harm done as a result of the injuries." <u>See</u> <u>id.</u>

Even if the plaintiff's far-fetched claims were cognizable claims, the doctrine of

sovereign immunity bars all suits against the United States except where such immunity is

expressly waived by Congress. <u>See</u> <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976). The

sovereign immunity of the United States protects it and its agencies from suit absent an express

waiver. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994); <u>United States v. Nordic Village</u>, 503

U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); <u>United States v. Mitchell</u>,

445 U.S. 535, 538 (1980); <u>Information Sys. & Networks Corp. v. United States Department of Health & Human Servs.</u>, 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is <u>jurisdictional</u>.  As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941); <u>see also</u> <u>Alexander v. Americans United, Inc.</u>, 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting).  When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA.  The FTCA authorizes district courts to hear suits against the United States

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); <u>see also</u> <u>Cope v. Scott</u>, 45 F.3d 445, 447 (D.C. Cir. 1995).  Here, Plaintiff fails to establish that her alleged injuries were "caused by the negligent or wrongful act or omission of any employee of the [USPS] while acting within the scope of his office or employment." <u>See</u> 28 U.S.C. § 1346(b).

### D.    Plaintiff Fails To State An Intentional Infliction Of Emotional Distress Claim

Even if Plaintiff's complaint did not suffer from all of the aforementioned flaws, the complaint fails to state a proper intentional infliction of emotional distress claim.  To maintain an

intentional infliction of emotional distress claim in the absence of physical injury, a plaintiff must establish "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." Steele v. Isikoff, 130 F. Supp. 2d 23, 36 (D.D.C. 2000) (internal quotations omitted); Abourezk v. New York Airlines, Inc., 895 F.2d 1456, 1458 (D.C. Cir. 1990).

The "extreme and outrageous" conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Steele, 130 F. Supp. 2d at 36; Abourezk, 895 F.2d at 1459. Although Plaintiff alleges in a conclusory fashion that defendant engaged in "intentional and reckless" conduct, and uses the appropriate "buzzwords," neither her conclusory allegations nor the buzzwords are sufficient to state a claim for intentional infliction of emotional distress. Steele, 130 F. Supp. 3d at 36 (conclusory allegations without supporting factual allegations and the use of buzzwords are not sufficient to plead an intentional infliction of emotional distress claim).

## CONCLUSION

For the reasons set forth herein, the defendant's motion to dismiss should be granted.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____/s/_____

KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2006, I caused the foregoing to be served

on Plaintiff via first class United States Mail:

Ellen L. DeLaine
3302 Gallows Road
Unit K
Falls Church, VA.  22042

_____/s/_____

KAREN L. MELNIK
Assistant United States Attorney

8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ELLEN DELAINE,** | ) | |
| | ) | |
| **_Pro Se_ Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-1751 (EGS)** |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, the grounds stated

therefor, any opposition thereto, and the entire record herein, it is on this ___ day of

_____, hereby:

ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that this case is hereby DISMISSED WITH PREJUDICE.


_____
UNITED STATES DISTRICT JUDGE

9

cc:

Karen L. Melnik
Assistant U.S. Attorney
United States Attorney's Office
Judiciary Building, Rm. E 4112
555 Fourth Street, N.W.
Washington, D.C.  20530

Ms. Ellen L. DeLaine
3302 Gallow Road
Unit K
Falls Church, VA 22042