UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLEN L. DELAINE,

    Plaintiff,

v.                           Civil Action No. 04-872

UNITED STATES, ASSISTANT
ATTORNEY FOR THE DISTRICT OF
COLUMBIA, et al.,

    Defendants.

**MEMORANDUM OPINION**

Plaintiff Ellen L. Delaine brings this suit pro se against various federal,[1] state,[2] and individual[3] Defendants. She alleges that Defendants are conspiring to spy on and terrorize her in an attempt to bring the weather under control in violation of her "Constitutional, Civil, human and individual" rights.[4] Compl. at 1. This matter is now before the Court on the Motions to Dismiss filed by the federal and individual Defendants and Plaintiff's Motion for

---

[1] The federal Defendants are the United States Attorney for the District of Columbia; the Attorney General of the United States and the United States Assistant Attorney.

[2] The state Defendants are the District of Columbia; the Office of the Attorney General for the District of Columbia; the Attorney for the District of Columbia; District of Columbia Mayor Anthony Williams and Sheryl E. Ellison.

[3] The individual Defendants are William S. Fralin; Thomas H. Delaine and Frank P. Delaine.

[4] The Court notes that Plaintiff does not specify in her Complaint the violation of any particular constitutional provision or statute.

Reconsideration of the District of Columbia Superior Court's Dismissal of the State Defendants. Upon consideration of the Motions, Oppositions, and the entire record herein, and for the reasons stated below, Defendants' Motions to Dismiss are **granted** and Plaintiff's Motion for Reconsideration is **denied**.

I. **BACKGROUND**

Plaintiff alleges that since 1999, Defendants have been violating her "Constitutional, Civil, human and individual" rights by spying on her, terrorizing her, and placing her under government surveillance while using acts of biological warfare against her. Compl. at 1. She claims that she has been "stalked by the government throughout the Washington D.C. metropolitan area and in any and every state within the United States." Id. She also claims that government agencies have published her medical reports and scandalous information about her to the media.

Plaintiff maintains that these actions are part of a government-funded project, the purpose of which is to make a statement to the world that she is the "property" of the United States government. Id. at 2. She states that these activities are being carried out for the purpose of bringing the weather under control. Id. According to her, the government is permitting Defendant Ellison, the agent allegedly in charge of this "project," to "practice fraternity and sorority hazings," and other games on her. Id.

2

Plaintiff also claims that the metro transit system, the Greyhound bus lines, Safeway and Giant food stores and other organizations have assisted the government in spying on her, and keeping her under surveillance while she is in their facilities. Id.

In addition, Plaintiff alleges that she has "encountered violent physical attacks and threats from police [and] police security persons" who were "team member[s]" "paid to do their part in the conspiracy of 'getting me down.'"[5] Id. at 4.

Plaintiff filed the instant action in the District of Columbia Superior Court seeking compensatory and punitive damages for medical bills and pain and suffering. On February 11, 2004, the District of Columbia Superior Court dismissed the state Defendants from this action.

On May 28, 2004, the federal Defendants removed to this Court. They filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on June 23, 2004. On July 9, 2004, William S. Fralin filed a Motion to Dismiss. On July 30, 2004, Frank P. Delaine and Thomas H. Delaine filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On August 2, 2004, Plaintiff filed a Motion for Reconsideration of

---

[5] Notably, Plaintiff does not allege dates, locations, or provide any additional details about these attacks in the Complaint.

3

the District of Columbia Superior Court's Dismissal of the State Defendants.

**II. ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a court [in its discretion] may dismiss a patently frivolous claim for lack of subject-matter jurisdiction." Hilska v. Jones, 297 F.Supp.2d 82, 87 (D.D.C. 2003). See Hagans v. Lavine, 415 U.S. 528, 536 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (internal quotation omitted). "Patently frivolous" claims include those premised on "bizarre conspiracy theories," "fantastic government manipulations of the[] will or mind," or "any sort of supernatural intervention." Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (describing as frivolous a complaint which alleged that "a Secret Branch of the Federal Government" took the plaintiff's face off his head, went into his skull, and placed a computer chip and camera system there to project images in front of him). "Under settled law, the [d]istrict [c]ourt may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1) on the complaint standing alone." Herbert v. Nat'l Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

In the instant case, it is clear that Plaintiff's Complaint is the very type of "bizarre conspiracy theory" or "fantastic

4

government manipulation" that our Circuit has said warrants dismissal under Rule 12(b)(1).[6] Accordingly, the Complaint is dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.[7]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **granted** and Plaintiff's Motion for Reconsideration of the District of Columbia Superior Court's Dismissal of the State Defendants is **denied**.

An Order will issue with this Opinion.

September 23, 2004                           /s/
                                             Gladys Kessler
                                             U.S. District Judge

---

[6] Plaintiff alleges that she has "encountered violent physical attacks and threats from police [and] police security persons" who were "team member[s]" "paid to do their part in the conspiracy of 'getting me down.'" Compl. at 4. To the extent that Plaintiff is asserting a claim under the Fourth or Fifth Amendments, U.S. CONST. amend. IV, V, such claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6). The Complaint contains no specific allegations of the incidents involving the police, i.e., date, location, name, etc.. Accordingly, it fails to "give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2).

[7] Since the Court is dismissing the Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), it need not address the alternate defenses raised by Defendants in their Motions to Dismiss or Plaintiff's arguments in her Motion for Reconsideration of the District of Columbia Superior Court's Dismissal of the State Defendants.