UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLEN DELAINE, )<br>)<br>　　　Pro Se Plaintiff, )<br>)<br>　v. )<br>)<br>UNITED STATES POSTAL SERVICE, )<br>ET AL., )<br>)<br>　　　Defendants. )<br>_____) | No. 05-1751 (EGS) |

**FEDERAL DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**I. INTRODUCTION**

In response to defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), plaintiff Ellen L. DeLaine essentially reiterates the allegations contained in her complaint. In support of her claims, plaintiff attaches to her opposition a letter from the United States Postal Service ("USPS") wherein the USPS apologizes for the rude behavior of one of its customer service employees. As the defendant argued in its motion to dismiss, plaintiff fails to state a claim for which relief can be granted and the complaint is otherwise frivolous. Thus, plaintiff's claims against the USPS must be dismissed under Federal Rules of Civil Procedure 12(b)(1) and (6).

**II. Standards For Dismissal**

As the District Court stated in its Memorandum Opinion in Delaine v. United States, Assistant Attorney for the District of Columbia, et al., Civil Action No. 04-872 (GK):

> Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a court [in its discretion] may dismiss a patently frivolous claim for lack of subject-matter jurisdiction." Hilska v. Jones, 297 F.Supp 2d 82, 87 (D.D.C. 2003). See Hagans v. Lavine, 415 U.S. 528, 536 (1974) ("federal courts are without power to

> entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (internal quotation omitted). "Patently frivolous" claims include those premised on "bizarre conspiracy theories," "fantastic government manipulations of the[] will or mind," or "any sort of supernatural intervention." Best v. Kelly, 39 F.3d 330-31 (D.C. Cir. 1994) (describing as frivolous a complaint which alleged that "a Secret Branch of the Federal Government" took plaintiff's face off his head, went into his skull, and placed a computer chip and camera system there to project images in front of him). "Under settled law, the [d]istrict [c] may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1) on the complaint standing alone." Herbert v. Nat'l Acad. of Sciences, 974 F2d 192, 197 (D.C. Cir. 1992).

See Exhibit 1 to Defendant's Motion to Dismiss at 4.

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and dismissal is appropriate where the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Browning v. Clinton, 292 F.3d 235, 241 (D.C. Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979). In determining whether a complaint fails to state a claim, the Court may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which it may take judicial notice. See E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-625 (D.C. Cir. 1997).

### III.  ARGUMENT

Plaintiff opposition does not allege any *facts* that would support a claim against the USPS or the United States. Plaintiff's allegations pertain to the rude behavior of a USPS customer service employee. Plaintiff is under the false belief that she has a cause of action because the

USPS sent her a letter of apology regarding that rude behavior.  Plaintiff further alleges that the USPS customer service employee "participated as a member in concerted actions in a civil conspiracy of invasion of rights. . ."  See Plaintiff's Opposition at 11.

With respect to plaintiff's conspiracy claims, this Court should dismiss them as patently frivolous.  The courts have inherent authority to dismiss as frivolous claims that are inherently incredible, even if the plaintiff has paid the filing fee.  Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362 363-64 (2d Cir. 2000) (District courts may dismiss a frivolous complaint even if plaintiff has paid the filing fees).  The courts have unhesitatingly dismissed claims that are utterly fantastic or inherently incredible.  Bloom v. United States, 2003 WL 22327163 at *(8 (S.D.N.Y. Oct. 10, 2003) (court dismissed as "clearly baseless" plaintiff's claims that government agents conspired to drug him and that the government did not compensate him for drafting literature for the Clinton/Gore Presidential Campaign); Tyler v. Carter, 151 F.R.D. 537, 538-40 (S.D.N.Y 1993) (dismissing as frivolous plaintiff's claims that the federal government placed listening devices in her college dormitory, had other students follow and ostracize her, and blasted her with rock music designated for witch hunts as part of a conspiracy to reinstate slavery).  Accordingly, this Court should dismiss plaintiff's conspiracy claims as inherently incredible.

With respect to plaintiff's tort claim, even assuming *arguendo* that plaintiff has alleged sufficient facts sounding in tort, plaintiff fails to state a proper intentional infliction of emotional distress claim.  To maintain an intentional infliction of emotional distress claim in the absence of physical injury, a plaintiff must establish "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress."

Steele v. Isikoff, 130 F. Supp. 2d 23, 36 (D.D.C. 2000) (internal quotations omitted); Abourezk v. New York Airlines, Inc., 895 F.2d 1456, 1458 (D.C. Cir. 1990).

The "extreme and outrageous" conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Steele, 130 F. Supp. 2d at 36; Abourezk, 895 F.2d at 1459. In her opposition, Plaintiff repeats in a conclusory fashion what she stated in her complaint: that defendant engaged in outrageous and atrocious behavior, "and was utterly intolerable in a civilized community." See Plaintiff's Opposition at 12. Neither these conclusory allegations nor the buzzwords are sufficient to state a claim for intentional infliction of emotional distress. Steele, 130 F. Supp. 3d at 36 (conclusory allegations without supporting factual allegations and the use of buzzwords are not sufficient to plead an intentional infliction of emotional distress claim).

## CONCLUSION

For the reasons set forth herein, the defendant's motion to dismiss should be granted.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

/s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on this ___ day of February, 2006, I caused the foregoing to be served on Plaintiff via first class United States Mail:

Ellen L. DeLaine
3302 Gallows Road
Unit K
Falls Church, VA.  22042

                                               /s/
                                        KAREN L. MELNIK
                                        Assistant United States Attorney