UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLEN L. DELAINE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 05-CV-1751 (EGS) |
| : | |
| **UNITED STATES OF AMERICA, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, District of Columbia and Sheryl Ellison,[1] (hereinafter, "Defendants"), by and through undersigned counsel and pursuant to F.R.C.P. 4 and 12(b)(5) and (6), hereby moves this Court to dismiss the plaintiff's complaint.

A Memorandum of Points and Authorities in support of this Motion is attached hereto. Because this is a dispositive motion, the defendant is not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

---

[1] Ms. Ellison is an employee of the District of Columbia.

        */s/ Dana K. DeLorenzo /s/*
        Dana K. DeLorenzo [468306]
        Assistant Attorney General
        441 4th Street, N.W., 6S61
        Washington, D.C. 20001
        (202) 724-6515
        (202) 727-3625 (fax)
        Dana.delorenzo@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2006, a copy of the foregoing Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was mailed postage prepaid to:

Ellen L. Delaine
3302 Gallows Road
Unit K
Falls Church, VA 22042

I ALSO HEREBY CERTIFY that on March 20, 2006 a copy of the foregoing Motion was sent via the Court's electronic filing system to Karen L. Melnik, Assistant United States Attorney.

        */s/ Dana K. DeLorenzo /s/*
        Dana K. DeLorenzo
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLEN L. DELAINE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No. 05-CV-1751 (EGS)** |
| : | |
| **UNITED STATES OF AMERICA, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
DEFENDANTS' MOTION TO DISMISS**

Defendants, District of Columbia and Sheryl Ellison, (hereinafter, "Defendants"), by and through undersigned counsel and pursuant to F.R.C.P. 4 and 12(b)(5) and (6), hereby move this Court to dismiss the plaintiff's complaint in its entirety because the Defendants were not properly served.  Furthermore, the Complaint fails to state a claim upon which relief can be granted because it identifies no wrongdoing by the District or any District employee, including Ms. Ellison.

*Background*

On September 1, 2005, plaintiff filed the instant Complaint against the District, the United States Postal Service and various private citizens.  Among other things, the Complaint alleged that a Washington, DC employee of the United States Postal Service made rude comments and gestures towards the plaintiff.  Complaint at 3.  She also alleged improper behavior by other postal service employees in Fayetteville, North Carolina and Wilmington, Delaware.  Complaint at 5-7.  The plaintiff also alleged that "the United States had continuously had Plaintiff under surveillance by unauthorized use of wire and electronic devices of audio and

oral communication every day of Plaintiff's life since the beginning of this civil conspiracy in 1999 and still continues." Complaint at 7. At no point in the Complaint does the plaintiff identify any wrongdoing by the District or any of its employees, including defendant Sheryl Ellison.

On January 11, 2006, Plaintiff filed an affidavit of service (signed by Wanda Delaine) purporting to show that the District was served by certified mail. The affidavit of service is attached hereto as Exhibit A. However, the affidavit is not notarized. *Id.* Moreover, the return receipt attached to the affidavit shows that "M. Smith" signed the return receipt. *Id.* Also on this date, Plaintiff filed an affidavit of service on defendant Sheryl Ellison. This affidavit is attached hereto as Exhibit B. This affidavit, too, is not notarized. *Id.* Moreover, the return receipt attached to the affidavit shows that the green card return receipt sent to Ms. Ellison at a Decatur Street address was not signed. *Id.* at 3.

*Standard of Review*

A motion to dismiss pursuant to F.R.C.P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions

cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

As the plaintiff has failed to state a claim upon which relief may be granted, the plaintiff's complaint should be dismissed with prejudice.

*Argument*

I.  THE COMPLAINT IDENTIFIES NO WRONGDOING BY THE DISTRICT OR ANY DISTRICT EMPLOYEE, INCLUDING MS. ELLISON.

Plaintiff's Complaint identifies several incidents involving the United States Postal Service and its employees. The individuals discussed in the Complaint, Iris Mitchell and Gloria Thompson, are postal service employees. Significantly, the plaintiff does not allege that the District or any of its employees, including Sheryl Ellison, had any involvement in the particular circumstances that form the basis of her complaint. Nor does she allege that the District or any District employee had any knowledge about the actions by United States Postal Service employees. In fact, other than the case caption, the complaint does not again mention the District or any District employee, including Sheryl Ellison. Therefore, both the District and Ms. Ellison are not proper defendants in this case, and all claims against them must be dismissed.

II. PLAINTIFF HAS FAILED TO EFFECTUATE PROPER SERVICE ON THE DISTRICT OF COLUMBIA AND MS. ELLISON AND FAILED TO PROVIDE TIMELY PROOF OF SERVICE.

F.R.C.P. 4(j)(2) describes the proper manner of service of process on the District:

…Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon such defendant.

In this case, the plaintiff chose to utilize a method of service—certified mail—that was authorized in the civil procedure rules for the Superior Court for the District of Columbia rather

than effectuating service under one of the mechanisms authorized by the federal rules. However, in choosing to use this method of service, the plaintiff was required to undertake an additional burden to achieve service on the District—she had to serve *both* the Mayor and the Office of the Attorney General. *See* SCR-Civil 4(j)(1) ("Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee).").

The mandatory language of SCR-Civil 4(j) does not permit the court to exercise any discretion. The Superior Court Civil Procedure Rules are clear and unambiguous regarding who must be served in order to bring a cause of action against the District of Columbia. According to SCR-Civil 4(j), service on the Mayor is proper only if he is served personally, or service is made on an official designee of the Mayor. Similarly, service on the Attorney General is accomplished only where service is made on the Attorney General himself or an official designee. SCR-Civil 4(j) states that "[t]he Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court." SCR-Civil 4(j). The Rules therefore clearly state that the Mayor and the Attorney General can be served only if service is effectuated on the parties themselves or those agents listed as official designees with the Clerk.

The Office of the Attorney General has designated Darlene Fields, Tonia Robinson and/or Gale Rivers to accept service of process on its behalf. Office Order No. 2005-19, attached hereto as Exhibit C. The Mayor has designated Tabatha Braxton and/or Gladys Herring to accept service of process on his behalf. November 9, 2005 Memorandum Regarding Designation of Staff to Handle/Accept Legal Correspondence, attached hereto as Exhibit D.

Pursuant to SCR-Civil 4(l), it is the Plaintiff's obligation to prove that the District was served in accordance with the provisions of Rule 4(j).  If service is attempted via registered or certified mail, permitted under SCR-Civil 4(c)(3), "the return shall be accompanied by the signed receipt attached to an affidavit." SCR-Civil 4(l)(2).  According to the Rule, "if the return receipt does not purport to be signed by the party named in the summons," the affidavit also must include "specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule." *Id.*  Simply put, if the Mayor and Attorney General do not *themselves* sign the certified return receipt, it is the Plaintiff's obligation to attest to facts showing that the mailings were received by official designees for service of process.

Here, the Plaintiff has failed to properly serve the Mayor's Office and the Office of the Corporation Counsel, now Office of the Attorney General.  Exhibit A shows that "M. Smith" signed the return receipt on behalf of the Mayor.  As M. Smith is not an authorized designee, service was not proper on the Mayor.  Upon information and belief, the plaintiff did not submit *any* affidavit of service on the Office of the Attorney General.  Therefore, the plaintiff did not comply with SCR-Civil 4 and, hence, did not comply with F.R.C.P. 4(j)(2).

Similarly, the plaintiff did not properly serve Ms. Ellison.  F.R.C.P. 4(e) authorizes two methods of service on individuals.  The first is according to the law of the state and the second is through personal service.  Again, the plaintiff chose to rely on service through certified mail, as authorized in SCR-Civil 4.  Yet, the plaintiff failed to comply with that rule because she did not produce any proof that Ms. Ellison actually received what was sent via certified mail.  Exhibit B, an unsworn "affidavit," clearly shows that the return receipt green card was returned and not

signed. Therefore, the Court cannot conclude that the plaintiff served Ms. Ellison. Therefore, the complaint against the District and Ms. Ellison should be dismissed.

Even if the plaintiff had properly served these defendants, she failed to provide timely proof of service for either of them. The record shows that the plaintiff's complaint was filed on September 1, 2005. F.R.C.P. 4(m) requires a plaintiff to serve a defendant "within 120 days of filing the complaint." In this case, that 120-day limit expired on December 30, 2005. The affidavits of service were filed on January 11, 2006, well outside of the 120-day limit. Exhibits A and B. Accordingly, the plaintiff's case must be dismissed.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLEN L. DELAINE,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-CV-1751 (EGS) |
| **UNITED STATES OF AMERICA, et al.,** | : |
| Defendants. | : |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Upon consideration of the Defendants' Motion, any opposition thereto, and the facts and law considered, it is by the Court this _____ day of _____, 2006,

ORDERED:   that the Motion is GRANTED; and it is

FURTHER ORDERED:   that the plaintiff's complaint against the District of Columbia is HEREBY DISMISSED WITH PREJUDICE; and it is

FURTHER ORDERED:   that the plaintiff's complaint against Sheryl Ellison is HEREBY DISMISSED WITH PREJUDICE.

_____
Judge Emmet G. Sullivan

Copies to:

By mail:
Ellen L. Delaine
3302 Gallows Road, Unit K
Falls Church, VA 22042

Via electronic filing:
Dana K. DeLorenzo, Esq.
Karen L. Melnik, Esq.