UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLEN L. DELAINE,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-CV-1751 (EGS) |
| **UNITED STATES OF AMERICA, et al.,** | : |
| Defendants. | : |

**SUPPLEMENT TO DEFENDANTS' MOTION TO DISMISS**

Defendants, District of Columbia and Sheryl Ellison,[1] (hereinafter, "Defendants"), by and through undersigned counsel and pursuant to F.R.C.P. 4 and 12(b)(5) and (6), hereby submit this Supplement to their Motion to Dismiss, based on the plaintiff's March 17, 2006 filings. Defendants' motion had two separate grounds for the requested relief. First, the defendants were not properly served. Second, the complaint failed to state a claim upon which relief can be granted because it identifies no wrongdoing by the District or any District employee, including Ms. Ellison. Undersigned counsel filed this motion on March 20, 2006.

On March 17, 2006, the plaintiff filed two documents.[2] The first document, identified as "Document 13" on the Court's electronic filing docket, is entitled "Affidavit of Service." Although it is not notarized, the document purports to show that a copy of the Summons and Complaint was sent to Assistant Attorney General Lauren J. Birnbaum. The affidavit identifies Ms. Birnbaum as "counsel for defendant, Sheryl E. Ellison." The attached return receipt green

---

[1] Ms. Ellison is an employee of the District of Columbia.
[2] These documents were received by undersigned counsel after the Defendants' Motion to Dismiss had been filed.

card shows that something was sent to Ms. Birnbaum but that a "G. Dunnom" signed the return receipt on February 28, 2006.

The second document, identified as "Document 14" on the Court's electronic filing docket, is entitled "Notice of Filing." In it, the plaintiff, among other things, appears to explain her attempts to serve Ms. Ellison. Notably, the plaintiff admits that she "was unable to serve defendant, Sheryl E. Ellison at her home address." Notice at 2. Additionally, she explains that the reason she served Ms. Birnbaum on behalf of Ms. Ellison was because Ms. Birnbaum "was the counsel for the Defendant, District of Columbia and Sheryl E. Ellison, in the case of Ellen L. Delaine v. U.S. Attorney for the District of Columbia, et al, Civil Action Number 04cv00872…" Notice at 2. She again submits a document entitled "Affidavit of Service." Upon information and belief, this document has already been filed with the Court and is attached to the Defendants' Motion as Exhibit B. This document appears to show that the plaintiff attempted to serve Ms. Ellison through certified mail to a Decatur Street address, but that it was returned as "unclaimed." Notice at 3.

Defendant submits this Supplement because the latest filing demonstrates that Ms. Ellison still has not been properly served by certified mail, consistent with SCR-Civil 4, and, hence, F.R.C.P. 4. For instance, there is no indication that Ms. Ellison was served through certified mail, as the return receipt sent purportedly sent to Ms. Ellison at a Decatur Street address was returned as unclaimed. Moreover, the plaintiff's attempt to serve Ms. Ellison through Ms. Birnbaum fail to provide specific facts from which the Court could conclude that Ms. Birnbaum was authorized to accept service of process for Ms. Ellison, consistent with SCR-Civil 4.[3] Although Ms. Birnbaum may have represented Ms. Ellison in a previous court case initiated by

---

[3] Even assuming Ms. Birnbaum was authorized to accept service on behalf of Ms. Ellison, Ms. Birnbaum did not sign the return receipt.

this plaintiff, there is nothing to indicate that Ms. Birnbaum was representing—or would have represented—Ms. Ellison in the instant matter. Indeed, undersigned counsel's appearance in this case belies the plaintiff's apparent conclusion that Ms. Birnbaum was authorized to accept service of process for Ms. Ellison.

Even if the plaintiff was able to show, through this latest filing, that she had properly served Ms. Ellison and the District, she is well past the deadline for filing such proof. The record shows that the plaintiff's complaint was filed on September 1, 2005. F.R.C.P. 4(m) requires a plaintiff to serve a defendant "within 120 days of filing the complaint." In this case, that 120-day limit expired on December 30, 2005. The original affidavits of service were filed on January 11, 2006, outside of the 120-day limit. And the plaintiff's most recent affidavit, filed on March 17, 2006, is long past that deadline. Accordingly, the plaintiff's case against the District and Ms. Ellison must be dismissed.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>March 23, 2006</u>, a copy of the foregoing Supplement to the Motion to Dismiss was mailed postage prepaid to:

Ellen L. Delaine
3302 Gallows Road
Unit K
Falls Church, VA 22042

I ALSO HEREBY CERTIFY that on <u>March 23, 2006</u> a copy of the foregoing Supplement to the Motion to Dismiss was sent via the Court's electronic filing system to Karen L. Melnik, Assistant United States Attorney.

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo
Assistant Attorney General