UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELLEN L. DELAINE,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-CV-1751 (EGS) |
| | : |
| **UNITED STATES OF AMERICA, et al.,** | : |
| | : |
| Defendants. | : |

### DEFENDANTS' REPLY TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS

Defendants, District of Columbia and Sheryl Ellison,[1] (hereinafter, "Defendants"), by and through undersigned counsel and pursuant to F.R.C.P. 4 and 12(b)(5) and (6), hereby submit this Reply to the plaintiff's Opposition to their Motion to Dismiss. Defendants' motion contained two separate grounds for the requested relief. First, the complaint failed to state a claim upon which relief can be granted because it identified no wrongdoing by the District or any District employee, including Ms. Ellison. Second, the defendants were not properly served. On March 23, 2006, Defendants filed a Supplement, because the plaintiff's March 17, 2006, filings validated the defendants' argument regarding service and the plaintiff's failure to file timely affidavits of service. On April 11, 2006, over three weeks after the motion was filed, the plaintiff filed an Opposition.

---

[1] Ms. Ellison is an employee of the District of Columbia.

1. THE PLAINTIFF DOES NOT PROVIDE ANY FACTS TO SUPPORT HER CLAIM OF CIVIL CONSPIRACY INVOLVING THESE DEFENDANTS.

The plaintiff has not successfully rebutted the defendants' argument that her complaint fails to state a claim upon which relief could be granted. There is one sentence in the plaintiff's complaint that appears to sum up her allegations:

> The United States Post Office has been a member participating in concerted actions of a civil conspiracy of invasion of rights with the United States, the District of Columbia, and other individual conspirators [sic] defendants named, in [c]onstitutional [t]orts for a [c]ontinuing [i]ntentional [t]ort doctrine for a [c]ontinuing [i]ntentional [i]nfliction of [e]motional [d]istress against the Plaintiff, Ellen L. Delaine.

(Complaint at 4.)

The United States District Court for the District of Columbia outlined the elements required for a claim of civil conspiracy. The elements are: "an agreement to do an unlawful act or a lawful act in an unlawful manner; an overt act in furtherance of the agreement by someone participating in it; and injury caused by the act." *Wiggins v. Hitchens*, 853 F. Supp. 505, 513 (D.D.C. 1994) (internal citations omitted).

In response to the defendants' argument that the plaintiff failed to state a claim upon which relief can be granted, the plaintiff offers little explanation. She states, "Sheryl E. Ellison is an employee of the District of Columbia, therefore is included as a party with defendants [sic] District of Columbia." (Opposition at 1.) However, Ms. Ellison's status as an employee of the District of Columbia, in the absence of any additional facts, does not provide any grounds for her to be included in this case.[2]

As a matter of law, the Court should find that the plaintiff's complaint does not meet the elements of a civil conspiracy for either of these defendants. First, the plaintiff does not allege

---

[2] Notably, the plaintiff does not even identify Ms. Ellison's position in the District nor does she link her position as a District employee to any injury that was allegedly suffered.

any actions taken either by Ms. Ellison or the District (or any individual that would be considered "the District") that would demonstrate an "agreement [between these defendants and United States Postal Service and the other named defendants] to do an unlawful act or a lawful act in an unlawful manner."[3]  Second, without an agreement, the plaintiff cannot identify "an overt act in furtherance of the agreement."[4]  For all of these reasons, the plaintiff's claim as to these defendants must be dismissed as a matter of law.

2. THE PLAINTIFF'S EVIDENCE DOES NOT REFUTE THE CONTENTION THAT NEITHER OF THESE DEFENDANTS WAS PROPERLY SERVED.

The plaintiff's Opposition and documentation in the record belie her contention that she "complied with the rules of this court for proper service of complaint and summons on defendants' [sic] District of Columbia." (Opposition at 1.)  First, as to service on defendant Sheryl Ellison, the plaintiff does not dispute any of the facts regarding service.  Ms. Delaine admits that the green card return receipt sent to an address on Decatur Street, NW, was returned as "unclaimed." (Opposition at 3.)  She also admits that she attempted to serve Ms. Ellison through Assistant Attorney General Lauren Birnbaum, who represented Ms. Ellison in a prior court case.  Ms. Delaine acknowledges that a Mr. or Ms. Dunnom signed the return receipt. (Opposition at 4.)[5]  Since the plaintiff cannot provide any facts to show that Ms. Ellison was served directly or that Ms. Birnbaum or "G. Dunnom" or "A. Dunnom" was authorized to accept service on behalf of Ms. Ellison, she has not properly served Ms. Ellison.  Therefore, the plaintiff's case against Ms. Ellison must be dismissed.

---

[3] Despite the plaintiff's reference in her Opposition to a 2004 lawsuit, apparently naming the Washington Metropolitan Area Transit Authority, the District and Ms. Ellison, she is still unable to provide any facts to support her claim of an agreement, let alone a civil conspiracy.  Upon information and belief, neither the District nor Ms. Ellison has been served with any paperwork related to this 2004 lawsuit.

[4] The Complaint, however, alleges that several USPS employees in different geographical locations were discourteous and slanderous toward the plaintiff.

[5] Undersigned counsel reads the handwriting on the return receipt to be "G. Dunnom." The plaintiff, on the other hand, reads the handwriting as "A. Dunnom." The difference is not significant to the analysis.

Second, as to the District of Columbia, the plaintiff does not dispute the facts regarding service. Pursuant to F.R.C.P. 4(j)(2) and SCR-Civil 4(j)(1), she was permitted use certified mail to serve the District, but she was required to serve both the Mayor and the Office of the Attorney General ("OAG"). The plaintiff is evidently aware of this obligation because she claims that she attempted to serve both the Mayor and OAG.

It is the plaintiff's burden to demonstrate proper service on the appropriate designees for the District. However, in this case, the plaintiff has not met her burden. The plaintiff acknowledges that "M. Smith" signed the green card return receipt for the Mayor. The plaintiff does not appear to dispute that "M. Smith" is not one of the Mayor's stated designees. However, she mistakenly concludes that the "person named M. Smith who signed the green card return receipt must be authorized to accept delivery for Tabitha Braxton of the Office of the Mayor." (Opposition at 5.) In *Larry M. Rosen & Associates, Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1983) (internal citations omitted), the District of Columbia Court of Appeals noted that a "receptionist in one's office, even if authorized to sign ... for and open all of the mail, is not necessarily authorized to accept service of process." Here, there can be no claim that "M. Smith" was an authorized designee of the Mayor. Accordingly, the plaintiff did not successfully serve the Mayor.

Moreover, the plaintiff does not dispute that she failed to provide a signed green card return receipt showing service on OAG. In her Opposition, she states, "Plaintiff is unable to explain why or if the mail was not delivered or why the green card or mail was not returned to sender." (Opposition at 5.) The plaintiff, however, appears to attribute this problem to the postal service, as part of the larger civil conspiracy alleged in this lawsuit. Notwithstanding these allegations, there is no evidence that shows OAG was properly served. Therefore, as she is

obligated to serve both the Mayor and OAG via certified mail in order to effect service on the District, her inability to document service on OAG mandates that her case against the District be dismissed.

Moreover, the plaintiff does not appear to dispute that the documents that she provided purporting to demonstrate service on these defendants were not timely filed. As her complaint was filed on September 1, 2005, she had to file proof of service by December 30, 2005. F.R.C.P. 4. According to the docket, the plaintiff did not file another document until January 11, 2006, well after the 120-day deadline. Although the plaintiff is *pro se*, she is not a stranger to the court process. Simply, she did not properly serve these defendants and she did not timely file proof of service as to these defendants. In her Opposition, the plaintiff acknowledges that "Federal Rule of Civil Procedure 4(m) states that if Plaintiff shows good cause for failure to effect proper service of the summons and complaint, the court shall extend the time for service for an appropriate period." (Opposition at 4.) Yet, despite her awareness of this rule, the plaintiff did not request an extension of time to properly serve these defendants or additional time to file proof of service. For all of these reasons, the case against these defendants must be dismissed.

                    Respectfully submitted,

                    ROBERT J. SPAGNOLETTI
                    Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    */s/ Holly M. Johnson /s/*
                    HOLLY M. JOHNSON [476331]
                    Section Chief
                    General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2006, a copy of the foregoing Reply to the plaintiff's Opposition to the Motion to Dismiss was mailed postage prepaid to:

Ellen L. Delaine
3302 Gallows Road
Unit K
Falls Church, VA 22042

I ALSO HEREBY CERTIFY that on April 19, 2006 a copy of the foregoing Reply to the plaintiff's Opposition to the Motion to Dismiss was sent via the Court's electronic filing system to Karen L. Melnik, Assistant United States Attorney.

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo
Assistant Attorney General