UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLEN L. DELAINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1751 (EGS) |
| | ) Document Nos.  6, 12 |
| | ) |
| UNITED STATES POSTAL | ) |
| SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

Pending before the Court are the federal defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and the District of Columbia and Sheryl E. Ellison's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and (b)(6). Upon consideration of the parties' submissions and the complaint, the Court will grant both motions and will dismiss the case.[1]

I.  BACKGROUND

The complaint arises from an encounter plaintiff had with U.S. Postal Service customer service employee Iris Mitchell on September 1, 2004. Plaintiff alleges that while seeking service at the U.S. Postal Service branch on Massachusetts Avenue, N.W. in the District of Columbia, Mitchell "made a rude, slanderous comment" to her and accompanied her comment with "negative facial, hand, and head gestures." Complaint at 3. She claims that this caused

---

[1] In addition to the movants, plaintiff has named as defendants William S. Fralin, Thomas H. Delaine and Franklin P. Delaine. Although the docket reflects service of the summons and complaint upon these defendants, neither has appeared in the case. Based on the discussion *infra* at 3, the claim against these defendants will be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

2

her extreme emotional distress.  Plaintiff also alleges that the Postal Service has engaged in unlawful surveillance of her and has conspired with others against her since 1999.  She seeks $1 million in compensatory and punitive damages.

The Postal Service moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim of intentional infliction of emotional distress ("IIED").  The District of Columbia defendants move to dismiss for improper service and failure to state a claim upon which relief may be granted.

## II.  DISCUSSION

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  In addition, a court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted if it appears, assuming the alleged facts to be true and drawing all inference in plaintiff's favor, that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.  *Harris v. Ladner,* 127 F.3d 1121, 1123 (D.C. Cir. 1997), *cert. denied,* 531 U.S. 1147 (2001); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  In ruling on a motion to dismiss, the Court must liberally construe the complaint.  It need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations."  *Kowal,,* 16 F.3d at 1276.

### A.  Subject Matter Jurisdiction

Plaintiff sues the Postal Service for Mitchell's alleged slander.  Absent a specific waiver by the government, sovereign immunity bars lawsuits for damages against the United States, its

3

agencies and government employees acting in their official capacity.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Clark v. Library of Congress*, 750 F.2d 89, 102-03 (D.C. Cir. 1984).  "[A] waiver of sovereign immunity must be 'unequivocally expressed' and its conditions must be 'strictly observed and exceptions thereto are not to be implied.'"  *Blackmon-Malloy v. U.S. Capitol Police Bd.,* 338 F. Supp.2d 97, 103 (D.D.C. 2004) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981)).  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, waives the United States' immunity, but only as to certain common law torts.  *See* 28 U.S.C. §§ 1346(b)(1), 2679(b).  The FTCA explicitly prohibits a claim for slander.  *See* 28 U.S.C. § 2680(h).  The Court therefore lacks subject matter jurisdiction over this claim.

  Plaintiff also alleges, *inter alia*, that since 1999, Compl. at 7, the Postal Service has "been keeping plaintiff under surveillance by unauthorized use of electronic devices of wire for audio and oral communication while plaintiff was in their facilities."  *Id*. at 4.  Her sole allegation against the non-federal defendants, two of whom have her surname, seems to be that they engaged in some sort of conspiracy with the Postal Service.  *Id*.  Plaintiff has stated no supporting facts.  "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"  *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)) (citing cases); accord *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) ("jurisdiction is lacking when the complaint is patently insubstantial presenting no federal question suitable for decision" or, *inter alia*, "essentially fictitious") (citing cases) (internal quotation marks omitted).  This claim presents the type of  "bizarre conspiracy theories" warranting dismissal for lack of subject matter jurisdiction.  *Best*, 39 F.3d at 330.

4

### B.  Failure to State a Claim

With respect to the IIED claim, District of Columbia law "requires the plaintiff to show (1) extreme and outrageous conduct by the defendant which (2) intentionally or recklessly (3) cause[d] the plaintiff severe emotional distress." *Ben-Kotel v. Howard University*, 156 F. Supp.2d 8, 14 (D.D.C. 2001) (quotations and citations omitted)).  "Liability will be imposed only for conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Thompson v. Jasas Corp.*, 212 F. Supp.2d 21, 27-28 (D.D.C. 2002) (citing *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998)) (internal quotation marks omitted).

Plaintiff alleges that "while frowning and with a squenched [*sic*] nose as her hand waved back and forth in front of her nose," Mitchell said "'[c]ould you step to the next counter to look through [a zip code directory] because you're wearing cologne and I smell you.'"  Compl. at 3.  At plaintiff's request to "be sure of [the] exact words," Mitchell repeated the words. *Id*.  The Postal Service rightly asserts that plaintiff's conclusory assertions and use of "buzzwords" fail to provide any factual support for an IIED claim.  *See* Def.'s Mem. at 7-8.  Even if proven, Mitchell's comment "does not approach the high extreme and outrageous" conduct required to support an IIED claim.  *Steele v. Isikoff,* 130 F. Supp.2d 23, 36 (D.D.C. 2000) (citing cases) (internal quotation marks omitted).  The IIED claim therefore will be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the defendants' respective motions to dismiss are granted and the claims against the remaining individual defendants are dismissed for want of subject matter jurisdiction.  A separate Order of dismissal accompanies this Memorandum Opinion.
.

                                                SIGNED: EMMET G. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE

DATE: September 19, 2006